### LINDSTROM v. UNITED STATES.
No. 10964.

Circuit Court of Appeals, Ninth Circuit.

Sept. 13, 1945.

Rehearing Denied Oct. 31, 1945.

S. J. O'Brien, of Tacoma, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and John Egan Belcher, Asst. U. S. Atty., both of Seattle, Wash., and Harry Sager, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment convicting appellant of failing to report to the local selective service board for induction into the armed forces, he having been classified as 1-A. Appellant failed to report, and the question here is whether he did so "knowingly" as that term is used in the Selective Service Act, 50 U.S.C.A.Appendix § 311. Appellant's counsel admits that there is evidence from which it might be inferred that he knowingly failed to report, and it is our opinion from our exami-

nation of the record that the evidence is overwhelming that he not only knowingly intended but wilfully intended not to report at any time for military service.

Objection was made at the trial to the introduction of a copy of a telegram to the President of the United States indicating such a wilful intent. We regard the introduction of the telegram, if error, as harmless error, in view of such evidence, uncontradicted by appellant who took the stand, as his deliberate tearing up of his order to report in the office of his selective service board, and casting it on the table of the clerk there with the statement that "he would not report; that he did not consider that he was classified right; that he should have a different classification and that he would not abide by the rules until such classification was forthcoming."

It was also sought to introduce testimony that his counsel had advised him that the matter was in the hands of the United States Attorney and that counsel would let him know when anything further developed. No evidence of this kind, if relevant, could overcome the uncontradicted testimony of repeated actions showing that he was wilfully avoiding his known obligation to obey his order to report for induction. The judgment of the District Court is affirmed.